**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAMID ABDUL-SHABAZZ, | |
| Petitioner, | Civil Action No. 14-3959 (ES) |
| v. | OPINION |
| PATRICK NOGAN, | |
| Respondent. | |

SALAS, DISTRICT JUDGE

This matter is before the Court on the submission of an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and Motion for Stay and Abeyance by Petitioner Hamid Abdul-Shabazz ("Petitioner"). (D.E. Nos. 4, 8, 11). For the reasons stated below, Petitioner's Motion for a Stay and Abeyance is DENIED.

**I. BACKGROUND**

Petitioner is an inmate confined at East Jersey State Prison in Rahway, New Jersey. He filed his initial habeas Petition on June 7, 2014. (D.E. No. 1, Petition ("Pet.")). In his original Petition, Petitioner asserted six grounds for relief: (1) Petitioner is entitled to a new trial because of newly discovered evidence; (2) Petitioner was deprived of his constitutional rights to effective assistance of counsel due to his trial attorney's failure to properly investigate whether Petitioner's picture was contained in the computer database shown to the complaining witness; (3) Petitioner was deprived of his state and federal constitutional rights to effective assistance of counsel when his trial attorney failed to challenge the legality of his arrest and the resulting identification; (4)

trial counsel's failure to object to the trial judge's jury charge on an essential element of the robbery offense deprived Petitioner of effective assistance of counsel and his constitutional right to be tried only on charges presented in an indictment and returned by the grand jury; (5) Petitioner was deprived of his constitutional rights to the effective assistance of counsel when his trial attorney failed to present a potential alibi witness; and (6) Petitioner was denied his constitutional rights to effective assistance of counsel when his trial attorney failed to take a statement from the complaining witness who was attempting to recant his identification of Petitioner. (Pet. 1-26).

On August 9, 2014, Petitioner submitted a letter requesting that the Court stay his Petition so he can exhaust two claims in state court. (D.E. No. 4). The letter did not contain any further information about these two grounds and it does not appear that said grounds are contained in the original Petition. On October 14, 2014, the Court entered an order administratively terminating the case because Petitioner had failed to use the correct form for his habeas petition. (D.E. No. 6). The Order advised Petitioner that he must submit an amended petition on the current form in order to re-open his case.[1] (*Id.*). On November 5, 2014, Petitioner submitted his Amended Petition, on the proper form, wherein Petitioner acknowledged that he "must include in this petition all the grounds for relief from the conviction or sentence that [he] challenge[s]." (D.E. No. 8, Amended Petition ("Am. Pet.") 17). Petitioner further acknowledged that if he fails to set forth all of his grounds for relief, he may be barred from presenting additional grounds at a later date. (*Id.*). His Amended Petition contains the same grounds as his original Petition and does not include the two unexhausted claims.

---

[1] The current habeas form also contains the notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000).

After he filed his Amended Petition, Petitioner filed three letters again requesting that the Court stay his case while he exhausts two issues in state court. (D.E. Nos. 11-13). The only information Petitioner provides about these two unexhausted issues is that they relate to the failure of the trial court to conduct a pretrial conference in violation of state court rules. (D.E. No. 11, 13).

## II. DISCUSSION

### A. Legal Standard

A petitioner seeking federal habeas review must exhaust state court remedies for all grounds for relief asserted in a habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004). It is therefore proper and routine for district courts to dismiss habeas petitions containing both unexhausted and exhausted claims (so-called "mixed petitions"). *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

Despite this "total exhaustion" rule, the Third Circuit has recognized that, in some circumstances, dismissing a "mixed petition" may time-bar a petitioner from federal court under the one-year statute of limitations for § 2254 claims imposed by the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). *See Crews*, 360 F.3d at 151 ("AEDPA's limitations period may act to deprive a petitioner of a federal forum if dismissal of the habeas petition is required." (citing *Zarvela v. Artuz*, 254 F.3d 374, 379 (2d Cir. 2001)). Accordingly, the Third Circuit has held that "[s]taying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." *See id.*

Since *Crews*, the Supreme Court has somewhat limited the stay-and-abeyance rule:

> [S]tay and abeyance should be available only in limited circumstances . . . . [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> . . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (citations omitted). Though "[f]ew courts have provided guidance as to what constitutes 'good cause' for failing to exhaust a claim in state court within the meaning of *Rhines*," the Third Circuit emphasizes "the need to be mindful of Justice Stevens's concurrence in *Rhines*, which cautions that . . . [the requirement] is not intended to impose the sort of strict and inflexible requirement that would 'trap the unwary *pro se* prisoner . . . .'" *Locust v. Ricci*, No. 08-2713, 2010 WL 1463190, at *10 (D.N.J. Apr. 12, 2010) (citations omitted).

**B. Analysis**

Here, Petitioner has failed to include the two allegedly unexhausted claims in his Amended Petition. Therefore, even if the Court stayed the Amended Petition, it would not preserve Petitioner's ability to have the Court consider these two claims after he exhausted them in state court. The failure to include the claims in the Amended Petition is not of great importance in this case, however, because based on the very limited information provided, the unexhausted claims are plainly meritless.

4

Petitioner's letters indicate that both unexhausted claims are related to the state court's failure to conduct a pretrial conference pursuant to New Jersey Court Rule 3:9-1. (D.E. Nos. 11, 13). However, there is "no constitutional right to a pretrial conference, and a violation of state-law procedural requirements affords no basis for federal habeas corpus relief." *D'Amico v. Balicki*, 592 F. App'x 76, 80 n.3 (3d Cir. 2014) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). Thus, any claims arising from the failure to conduct said conference are without merit and cannot support the granting of a stay.

### III. CONCLUSION

Since Petitioner cannot obtain federal habeas relief on the unexhausted claims regarding the pretrial conference, Petitioner's Motion for a Stay is DENIED. The Court is not obligated to dismiss the Amended Petition as mixed because Petitioner failed to include those claims in that Petition. The Court will order Respondent to file an answer to the Amended Petition. An appropriate order follows.

Dated: October 16, 2015

Esther Salas, U.S.D.J.